**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,        )
                                 )
                 Plaintiff,      )    **CRIMINAL ACTION**
                                 )
v.                               )    Nos. 04-10255-01
                                 )         05-10052-01
                                 )
LARRY RAIFSNIDER,                )
                                 )
                 Defendant.      )
_____)

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to Fed. R. Civ. P. 60(d)(1) to nullify guilty plea, dismiss the information and indictment for lack of jurisdiction and void judgement (sic), (Doc. 79) (Kansas case);

2. Defendant's motion pursuant to Fed. R. Civ. P. 60(d)(1) to nullify guilty plea, dismiss the information and indictment for lack of jurisdiction and void judgement (sic), (Doc. 30) (Illinois case);

3. Government's responses to both motions (Docs. 32, 81);

4. Defendant's traverses (Docs. 34, 35, 83, 84); and

5. Defendant's motion for production of descovery (sic) material in both cases (Docs. 33, 82).

The procedural history of these cases is set out in the government's responses. Case No. 05-10052 (Illinois case) was transferred to this court pursuant to Fed. R. Crim. P. 20. The defendant entered guilty pleas in both the Kansas and Illinois cases and received concurrent sentences. Defendant did not pursue direct appeals in either case. (He apparently attempted some sort of appeal in the Kansas case but it was dismissed for lack of prosecution by order of March 8, 2006 (Case No. 06-30004, Doc. 37)). Defendant filed

a motion pursuant to 28 U.S.C. § 2255 in the Kansas case which was denied by Memorandum and Order (Doc. 59). The Tenth Circuit then denied a certificate of appealability (Doc. 73). Thereafter, in both the Illinois and Kansas cases, defendant sought a writ of mandamus in the Circuit contending ". . . that the United States District Court for the District of Kansas lacked jurisdiction to try him in (both cases). He demands that this court either produce specific documentation establishing the district court's jurisdiction or dismiss the indictments immediately." The circuit dismissed the petition as "patently frivolous" by order of June 1, 2011 (Doc. 75).

Defendant's voluminous and prolix submissions are identical in each case. Defendant's argument about the Kansas case is that while he is "guilty as hell on committing a kidnaping or a Robbery," the crimes were not federal because "I was not anywhere in the meaning of federal Territory or Property owned by the United States where the alleged offenses occurred." His complaint about the Illinois case appears to be that his 30-year concurrent sentence was somehow invalid because he "expected to get no more than the 115 months because with my criminal history the maximum for the offense was 92-115 months." He provides no support for this position, however. The relief defendant seeks is: "The plea for the State of Illinois, 'Bank Fraud' and the Kansas Plea should be vacated together because I only accepted one to accept the other. Because one would be the fruit of the poisonous tree the other falls also. There are clear violations of law that void my plea's (sic) however, the circumstances, the Judgement (sic) is void on its face, and this court has the sole authority within its power to set aside the judgement (sic), Rule,

Order, Proceedings, under Federal Rules of Civil Procedure Rule 60(d)(1)."

Fed. R. Civ. P. 60 (d)(1) provides, in part:

Relief from a Judgment or Order

\* \* \*

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order or proceeding;

There are very few published decisions citing Rule 60(d)(1) and none which control these cases. But the availability of an "independent action" has been around for a long time. The Tenth Circuit observed in <u>Winfield Associates, Inc. v. W.L. Stonecipher</u>, 429 F.2d 1087, 1090 (10th Cir. 1970):

> Generally, such an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy. It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type of action, it is fundamental that equity will not grant relief if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment.' The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge.

(footnoted citations omitted). The Supreme Court has made the point even more succinctly: ". . . an independent action should be available only to prevent a grave miscarriage of justice." <u>United States v. Beggerly</u>, 524 U.S. 38, 118 S. Ct. 1862, 1868, 141 L.Ed.2d 32 (1998). One has to wonder how any defendant, much less the incorrigible and unrepentant defendant in these cases, could fall within these clear

requirements.  The only injustice in these cases is that defendant is serving only 30-year sentences.

Defendant has unambiguously elected to proceed pursuant to Fed. R. Civ. P. 60(d)(1) to attack the criminal judgments.  He has unequivocally taken the position that he is not seeking relief under 28 U.S.C. § 2255.[1] Defendant is thus hoist by his own petard.  As the Tenth Circuit recently made clear in <u>United States v. McCalister</u>, 601 F.3d 1086 (10th Cir. 2010), the Federal Rules of Civil Procedure apply only in civil proceedings.  Clearly, therefore, Rule 60 cannot be used to obtain the relief defendant is seeking and accordingly, defendant's motions in both the Kansas and Illinois (Docs. 79, 30) cases are denied.

Defendant's motions for discovery (Docs. 33, 82) are denied as moot, not to mention frivolous.

No motion for reconsideration or similar relief may be filed.

IT IS SO ORDERED.

Dated this __7th__ day of March 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] Many, if not all, of the claims defendant is making about the Kansas case previously were made and rejected in his § 2255 motion. As a result, the government has postulated that the present motion, in reality, is second and successive and to the extent that defendant's § 2255 motion did not make complaints about the Illinois case, the present motion is time-barred. 28 U.S.C. § 2255(f). If the court were inclined to view defendant's complaints about the Illinois conviction as being made pursuant to § 2255, it would agree with the government. Because the court has rejected defendant's claims in both cases as improper under Rule 60(d)(1), the court finds it unnecessary to wade into the confusion regarding what constitutes a "second and successive" § 2255 motion.