IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

Case Nos. 04-10255-JTM
v.                                             05-10052-JTM

LAWRENCE LEE RAIFSNIDER,
    Defendant.

**CONSOLIDATED MEMORANDUM AND ORDER**

These matters come before the court on the United States' Motion to Dismiss Count 4 of the Indictment (04-10255 Dkt. 116) and defendant Raifsnider's unopposed Motions to Vacate and Resentence (04-10255 Dkt. 117, 05-10052 Dkt. 63) which collectively request relief pertaining to both case numbers 04-10255 and 05-10052. Both motions are granted as set forth below.

**General Background**

These two cases arose from a series of charges against Raifsnider in the District of Kansas and Central District of Illinois. On December 9, 2004, an Indictment ("Kansas Case") was filed in case 04-10255 charging Raifsnider with kidnapping, felon in possession of a firearm, felon in possession of ammunition, and possession of a firearm in furtherance of a crime of violence. (04-10255 Dkt. 5). On September 6, 2002, an Indictment ("Illinois Case") was filed in the Central District of Illinois charging Raifsnider with two counts of bank fraud, one count of forgery, and one count of social security fraud. Raifsnider signed a consent to transfer that Indictment to the District of Kansas, and the case was transferred on March 31, 2005. (05-10052 Dkt. 1).

Raifsnider ultimately pled guilty in the Kansas Case to kidnapping and a violation of 18 U.S.C. § 924(c) based upon the kidnapping count. (04-10255 Dkt. 14, 15). Pursuant to that plea, he was sentenced to a term of 23 years in prison on the kidnapping charge, and 7 years in prison on the 18 U.S.C. § 924(c) conviction to run consecutive to the kidnapping sentence, for a total term of 30 years. Raifsnider was also given a five-year term of supervised release on each conviction, to run concurrently, and was ordered to pay restitution in the amount of $6,000. (04-10255 Dkt. 19). In the Illinois Case, Raifsnider pled guilty to one count of bank fraud. (05-10052 Dkt. 5, 6). Raifsnider was sentenced to a term of 30 years in prison on the bank fraud, such term to run concurrent with the sentence imposed in the Kansas Case. This sentence was to be followed by a three-year term of supervised release to run concurrently with the sentence in the Kansas Case, and Raifsnider was ordered to pay restitution in the amount of $37,862.03. (05-10052 Dkt. 8).

Raifsnider filed multiple post-conviction motions for relief and appeals in both cases, including successive Motions to Vacate in both cases which were stayed at Raifsnider's request pending authorization by the Tenth Circuit. On December 23, 2019, the Tenth Circuit authorized Raifsnider to file successive motions for relief under 28 U.S.C. § 2255 in both cases for the purpose of challenging his § 924(c) conviction. (04-10255 Dkt. 109; 05-10052 Dkt. 58). The United States' pending motion to dismiss Count 4 of the Kansas Case and Raifsnider's pending motions to vacate and resentence address the arguments raised in both of Raifsnider's pending successive § 2255 motions. (*See* 04-10255 Dkt. 101; 05-10052 Dkt. 49). The court's current order is a global resolution of all pending matters in both cases.

**Government's Motion to Dismiss and Raifsnider's Motion to Vacate His 18 U.S.C. § 924(c) Conviction**

The United States has asked the court to dismiss count 4 of the Indictment in the Kansas Case, which charged possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The charge was predicated on count 1 of that Indictment, which charged Raifsnider with kidnapping. The United States and Raifsnider correctly note that the crime of kidnapping does not support a charge under 18 U.S.C. § 924(c)(3)(A), the "elements clause," because it does not require proof of use, attempted use, or threat of physical force as an element of the crime. In *Davis v. United States*, 139 S.Ct. 2319 (2019), the United States Supreme Court struck down the "residual clause" of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. The Tenth Circuit has held that *Davis* should be applied retroactively to cases on collateral review. *United States v. Bowen*, 936 F.3d 1091, 1100 (10th Cir. 2019). Consequently, the crime of kidnapping for which Raifsnider was convicted no longer serves as a predicate offense to sustain a charge under § 924(c). *See United States v. Hopper*, 723 Fed. Appx. 645, 646 (10th Cir. 2018).

The United States' Motion to Dismiss (04-10255 Dkt. 116) is therefore GRANTED. Count 4 of the Indictment in case 04-10255 is dismissed, and Raifsnider's conviction on that Count is hereby vacated.

**Raifsnider's Motion for Resentencing**

The court's order vacating Raifsnider's § 924(c) conviction automatically reduces his sentence in the Kansas Case to a term of 23 years imprisonment, followed by five years

of supervised release. [1] While that order, on its face, does not affect Raifsnider's conviction and sentence in the Illinois Case, Raifsnider urges the court to reconsider its sentence in that case in light of the Tenth Circuit's "sentencing package" doctrine. The sentencing package "doctrine generally permits the district court to resentence a defendant on convictions that remain after he succeeds in getting one or more convictions vacated – even if he did not challenge the convictions on which his is resentenced." *United States v. Hicks*, 146 F.3d 1198, 1202 (10th Cir. 1998). The doctrine is generally applied in instances where a district court is resentencing after a remand from the appellate court, but there is no specific limit on use of the doctrine to that procedural posture. The court finds that resentencing in the Illinois Case in this matter is consistent with the intent and purpose of both the U.S. Sentencing Guidelines and the sentencing package doctrine, as

> "[a] sentence under the U.S. Sentencing Guidelines constitutes a sentencing package which takes into account all counts upon which the defendant has been convicted. *When one of those counts is set aside or vacated, the district court is free to reconsider the sentencing package de novo unless the appellate court specifically limited the district court's discretion on remand*. The provisions of the U.S. Sentencing Guidelines operate interdependently. Precluding the district court from reconsidering the entire sentencing package after one count of conviction is vacated would be inconsistent with the purpose and structure of the U.S. Sentencing Guidelines."

*Id.* at 1203 (quoting *United States v. Smith,* 115 F.3d 241, 245 (4th Cir.), *cert. denied* 522 U.S. 922, 118 S.Ct. 315 (1997)) (emphasis in *Smith*).

---

[1] Any reduction in the time to be served in prison granted by the court in this matter does not reduce, eliminate, or otherwise affect the period of supervised release imposed or the criminal monetary penalties and restitution imposed by the court in the judgments in case numbers 04-10255 and 05-10052.

In Raifsnider's case, the sentence on his bank fraud conviction was directly affected by the Presentence Investigation Report's calculations relative to the kidnapping and § 924(c) convictions in the Kansas Case. The bank fraud conviction alone resulted in an offense level of 23. After a reduction for acceptance of responsibility the adjusted offense level was 20; combined with Raifsnider's criminal history category VI, the resulting Guidelines recommendation was a range of 70 to 87 months imprisonment. Raifsnider is correct that vacating the § 924(c) conviction (which results in a reduction of his sentence by seven years), without reconsideration of the bank fraud sentence, would result in a massive upward variance on the Guidelines' presumptive bank fraud sentence.

18 U.S.C. § 3553(a) directs the court to consider a number of factors when imposing a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from future crimes by the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the sentencing range established for the applicable category of offense committed as set forth in the sentencing guidelines. Raifsnider also requests the court consider evidence of his post-conviction rehabilitation, as evidenced by his conduct while in prison. The court notes that while in prison Raifsnider has completed his GED, taken hundreds of hours of programming offered by the Bureau of Prisons, and is taking college classes. He has had only one disciplinary

report in 15 years of incarceration, for fighting, in 2008. The court finds that Raifsnider's post-conviction efforts at rehabilitation, while not dispositive, are relevant to its consideration of an appropriate sentence on resentencing. *See Pepper v. United States*, 562 U.S. 476, 490, 131 S.Ct. 1229 (2011) (finding a district court on remand for resentencing can consider evidence of a defendant's rehabilitation since his prior sentence and, that in some cases, such evidence may support a downward variance from the guidelines range). *See also* 18 U.S.C. § 3661 (no limitation on the information the court can consider regarding the background, character, and conduct of a person for purpose of imposing an appropriate sentence); USSG §1B1.4 (no limitation on the information the court can consider to determine a sentence within the guidelines range or an appropriate departure).

Raifsnider has waived personal appearance in this matter and does not request to appear for resentencing, and has presented sufficient information in his motions for the court to make its sentencing decision without further hearing. After consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) and Raifsnider's post-conviction conduct, the court finds the requested sentence of 23 years on the Illinois Case, to run concurrent with the sentence in the Kansas Case, is sufficient but not greater than necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further crimes, protect the public from future crimes by the defendant, and provide the defendant with necessary vocational, educational, and correctional treatment. Raifsnider's unopposed motions for resentencing (04-10255 Dkt. 117; 05-10052 Dkt. 63) are accordingly GRANTED.

**IT IS THEREFORE ORDERED** consistent with the opinion above that:

(1) Count 4 of the Indictment in case 04-10255 is hereby dismissed;

(2) Raifsnider's conviction in case 04-10255 under 18 U.S.C. § 924(c) is VACATED;

(3) Raifsnider is hereby RESENTENCED as follows:

    a) in case 04-10255 on count 1: 23 years imprisonment followed by five years of supervised release, to run concurrent with the sentence imposed in case 05-10255;

    b) in case 05-10052 on count 1: 23 years imprisonment followed by three years of supervised release, to run concurrent with the sentence imposed in case 04-10255; and

(4) Raifsnider's successive § 2255 Motions in both cases (04-10255 Dkt. 101; 05-10052 Dkt. 49) are hereby DISMISSED as moot.

The court directs the United States Probation Office to prepare a new judgment in cases 04-10255 and 05-10052 reflecting the sentences imposed above.

    **IT IS SO ORDERED**.

    Dated this 30th day of March, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT
